IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORA and CLAY WOLPH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACER AMERICA CORPORATION,<br><br>Defendant. | No. C 09-01314 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Now before the Court is the motion to dismiss filed by defendant Acer America Corporation ("Acer"). Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants in part and denies in part Acer's motion to dismiss.

**BACKGROUND**

Plaintiffs Lora and Clay Wolph ("Plaintiffs") filed this purported class action against Acer based on the allegedly defective Acer notebook computer they purchased. Plaintiffs allege that because of the defective nature of the notebook computers, the notebooks have serious problems, including that they freeze during use, crash, require frequent restarts and experience slow loading times. (Compl., ¶ 3.) According to Plaintiffs, the reason for these defects is that Acer's notebook computers are sold with Microsoft® Vista Home Premium, Business, or Ultimate operating systems (collectively, "Vista Premium") pre-installed, but the notebook computers do not contain sufficient memory to properly run Vista Premium. (*Id*, ¶¶ 2, 3.)

Acer now moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.     Legal Standards Applicable to Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of his entitlement to relief." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.     Acer's Motion to Dismiss.**

**1.     Plaintiffs' Breach of Express Warranty Claim.**

"[T]o plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *See Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986); *see also Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696 (1954). Here, Plaintiffs allege that Acer expressly warranted that their notebook computer was "free from defects in materials or workmanship under normal use during the warranty period" and

2

that "Acer delivers a superior user experience via Microsoft® Windows Vista operating system." (Compl., ¶¶ 132, 133.)

With respect to the warranty that the computer notebooks would be free from material defects, Plaintiffs allege that the computer notebooks failed to run properly because they had insufficient memory. The Court finds that such allegations are sufficient to state a claim for breach of express warranty. Therefore, the Court denies Acer's motion to the extent Plaintiffs' breach of express warranty claim is premised on the alleged material defect.

However, with respect to the alleged warranty for a "superior user experience," such statement constitutes non-actionable puffery. *See Sanders v. Apple Inc.*, 2009 WL 150950, \*6 (N.D. Cal. Jan. 21, 2009) ("Statements constituting 'mere puffery' cannot support liability under a claim for breach of warranty."); *see also Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994) ("Advertising that amounts to "mere" puffery is not actionable because no reasonable consumer relies on puffery. The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions."). Plaintiffs argue that coupling the phrase "superior user experience" with the means to achieve it "via the Microsoft Vista Operating System" renders the statement actionable. This argument is not persuasive. The statement regarding "superior user experience," even when considered in connection with "via the Microsoft Vista Operating System," is not a specific, measurable claim. Even when considered in context, the Court finds that the statement of "superior user experience" is mere puffery. Therefore, the Court will dismiss Plaintiffs' breach of express warranty to the extent it is premised on this statement.

**2. Plaintiffs' Claim for Breach of Implied Warranty.**

Acer contends that Plaintiffs' claim for breach of implied warranty fails based on lack of privity; Plaintiffs allege that they purchased their notebook computer from Wal-Mart, not Acer. The general rule is that "privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Burr*, 42 Cal. 2d at 695; *see also U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal. App. 3d 1431, 1441 (1991) ("Vertical privity is

3

a prerequisite in California for recovery on a theory of breach of the implied warranties of fitness and merchantability."). Plaintiffs argue that there is a question of fact regarding whether there is privity between them and Acer and, alternatively, that they are subject to an exception to the privity requirement. Neither argument has merit.

Plaintiffs allege that they purchased an Acer notebook computer from Wal-Mart. (Compl., ¶ 7.) In reliance on *U.S. Roofing*, Plaintiffs contend that there is a question of fact regarding whether there is privity between them and Acer. However, in *U.S. Roofing*, there was evidence regarding direct dealings and an oral contract between the plaintiff and the manufacturer. *U.S. Roofing*, 228 Cal. App. 3d at 1442. In contrast here, Plaintiffs do not allege any facts to support an inference that there were any direct dealings between them and Acer or that they have a contract with Acer. *See All West Electronics, Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 724 (1998) (distinguishing *U.S. Roofing* on the grounds that there was no agreement between the plaintiff and defendant). Therefore, Plaintiffs have not alleged any facts which, if taken as true, would demonstrate privity.

Plaintiffs also contend that there are two exceptions to the privity requirement: (1) when there is an express warranty and (2) when consumers rely on representations made by the manufacturer in advertisements or promotional materials. Plaintiffs' sole authority for their contention that privity is not required if a defendant provides an express warranty is *Atkinson v. Elk Corp. of Texas*, 142 Cal. App. 4th 212 (2006). However, as noted by another court, the court in *Atkison* "merely indicated, in dicta, that the privity requirement might be relaxed if the dismissed implied warranty claim were brought alongside a related express warranty claim." *See Hartless v. Clorox Co.*, 2007 WL 3245260, *2 (S.D. Cal. Nov. 2, 2007) (declining the relax the privity requirement in the absence of any authority for such proposition). This Court similarly finds, based on the lack of authority for such proposition, that Plaintiffs' express warranty claim does not excuse the warranty requirement for Plaintiffs' implied warranty claim.

Next, Plaintiffs argue that their reliance on representations made by Acer in advertising and promotions negates the need for privity. Again, Plaintiffs' reliance on the authority they cite in support of this proposition is misplaced. This exception to privity only applies to express

4

warranties. *See Burr*, 42 Cal. 2d at 696 ("the ... exception, where representations are made by means of labels or advertisements, *is applicable only to express warranties*") (emphasis added); *see also Blennis v. Hewlett-Packard Co.*, 2008 WL 818526, *4 (N.D. Cal. March 25, 2008). Although the Ninth Circuit notes, in *dicta*, that this exception applies to implied warranties, the court cites *Burr*, which explicitly limits this exception to *express* warranties, for support of this proposition. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). In the absence of binding California law extending the exception of reliance on representations in labels and advertising to implied warranties, the Court finds that privity is required for Plaintiffs' implied warranty claim. Because Plaintiff fails to allege privity, the Court dismisses Plaintiffs' breach of implied warranty claim.

### 3. Plaintiffs' Magnuson-Moss Act Claim.

Acer argues that Plaintiffs' claim under the Magnuson-Moss Act fails because it hinges on their state-law warranty claims. However, as discussed above, the Court is not dismissing Plaintiffs' breach of express warranty claim to the extent it is premised on Acer's warranty regarding defective materials. Therefore, the Court denies Acer's motion to dismiss on this ground.[1]

Acer further contends that Plaintiffs are required to identify at least 100 members of the purported class in their Complaint. The Magnuson-Moss Act provides specific jurisdictional requirements for a claim under this statute to be heard in federal court, including that there be at least 100 named plaintiffs. *See* 15 U.S.C. § 2310(d). However, courts examining this issue have held that if there is an alternative basis for federal jurisdiction over the action, such as under the Class Action Fairness Act ("CAFA"), then Magnuson-Moss Act claims may be heard in federal court without meeting the statute's jurisdictional requirements. *See, e.g., Stella v. LVMH Perfumes and Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 837-38 (N.D. Ill. 2008);

---

[1] Plaintiffs appear to argue that privity is not required to bring a claim for breach of the implied warranty under the Magnuson-Moss Act. However, because the Court is dismissing Plaintiffs' implied warranty claim, Plaintiffs cannot bring a Magnuson-Moss Act claim based on an implied warranty. *See Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 798 (2002) (finding that failure to allege state law claim for breach of express or implied warranty was fatal to Magnuson-Moss Act claim because state law governs such claims).

*Chavis v. Fidelity Warranty Services, Inc.*, 415 F. Supp. 2d 620, 624-626 (D.S.C. 2006); *Brothers v. Hewlett-Packard Co.*, 2007 WL 485979, *8 (N.D. Cal. Feb. 12, 2007). The Court finds the reasoning in these cases persuasive and, thus, holds that because Plaintiffs allege an alternative basis for jurisdiction under CAFA, the Court has jurisdiction to adjudicate Plaintiffs' Magnuson-Moss Act claim.

### 4. Plaintiffs' Fraud by Omission Claim.

To state a claim for fraud based on nondisclosure, Plaintiffs must allege "(1) the defendant failed to disclose a material fact which he knew or believed to be true; and (2) the defendant had a duty to disclose that fact. ... The duty to disclose arises when ...: (1) the material fact is known to (or accessible only to) the defendant; and (2) the defendant knows the plaintiff is unaware of the fact and cannot reasonably discover the undisclosed fact." *San Diego Hospice v. County of San Diego*, 31 Cal. App. 4th 1048, 1055 (1995) (internal citations omitted); *see also Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) (failure to disclose or concealment can constitute actionable fraud ...: when the defendant had exclusive knowledge of material facts not known to the plaintiff; ... when the defendant actively conceals a material fact from the plaintiff...) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)).

Acer alleges that Plaintiffs fail to allege a duty to disclose. Although Plaintiffs conclusorily allege that Acer owed a duty of disclosure because it was in a superior position to know the facts regarding its alleged defect and Plaintiffs could not have reasonably been expected to discover such facts, Acer contends that Plaintiffs' own allegations contradict these assertions. According to Plaintiffs, Microsoft's Vista operating system was introduced to retail customers in January 2007. (Compl., ¶ 43.) Microsoft's recommended minimum hardware requirements for Vista Premium include 1 GB of system memory *and* 128 MB of graphics memory. (*Id*., ¶¶ 48, 50.) In a *Computer World* article printed in February 2007, computer professionals and companies recommend 2 GB of system memory to run Microsoft's Vista. (*Id*., ¶ 52.) Acer's notebook computers have 1 GB or less of shared system memory. (*Id*., ¶ 58.) Plaintiffs purchased an Acer notebook computer in April 2008. (Compl., ¶ 7.) Based on

6

Plaintiffs own allegations, Plaintiffs have not alleged facts that show Acer had exclusive knowledge of the material facts and that Plaintiffs could not have reasonably discovered such facts.

Plaintiffs' reliance on *Falk* is misplaced. In *Falk*, the court held that the fact that some customers had posted complaints on the internet about the failed speedometers did not defeat the duty to disclose when the defendant was alleged to have known a lot more about the defective speedometers, including information unavailable to the public. *Id.*, 496 F. Supp. 2d at 1097. Here, Plaintiffs have not alleged any information known by Acer that was unavailable to the public. Therefore, the Court finds that Plaintiffs have not sufficiently alleged a duty to disclose, and, thus, grants Acer's motion to dismiss as to Plaintiffs' claim for fraud by omission.

### 5. Plaintiffs' Claims under CLRA, UCL, and FAL.

Acer contends that Plaintiffs claims under California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*, California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, and California's False Advertising Law ("FAL"), California Business and Professions Code §§ 17500, *et seq.*, fail for the following reasons: (1) Plaintiffs have not alleged an actionable false statement, misrepresentation, or false advertising by Acer; (2) Plaintiffs were required, but failed, to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b); and (3) Plaintiffs' CLRA claim fails for the additional reason that Plaintiffs, as non-California residents, do not have standing to assert this claim.

According to Acer, these claims are grounded in fraud and, thus, must be pled in accordance with the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Plaintiffs claims under these consumer protection statutes may be subject to the heightened pleading requirements of Rule 9(b) if they are "grounded in fraud." *See In re Stac Elec. Sec. Lit.*, 89 F.3d 1399, 1404-1405 (9th Cir. 1996). A claim is "grounded in fraud" if the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of his or her claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104

(9th Cir. 2003). Plaintiffs counter that these claims are not based solely on fraud, but rather, on Acer's negligent misrepresentations. However, in the Ninth Circuit, negligent misrepresentation claims are subject to the heightened pleading requirements under Rule 9(b). *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.); *see also Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *Rosal v. First Federal Bank of California*, 2009 WL 2136777, *10 (N.D. Cal. July 15, 2009).

Pursuant to Rule 9(b), Plaintiffs must allege with particularity the circumstances constituting fraud. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed. R. Civ. P. 9(b). However, the particularity requirements of Rule 9(b) must be read in harmony with the requirement to make out a "short and plain" statement of the claim. Fed. R. Civ. P. 8(a)(2). Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Here, Plaintiffs have not alleged any misrepresentations with sufficient particularity.[2]

### 6. Plaintiffs' Unjust Enrichment Claim.

---

[2] Because the Court finds that Plaintiffs' claims under CLRA, UCL, and FAL are not sufficiently plead, the Court need not address Acer's alternative grounds for dismissing these claims.

8

Acer argues that there is no claim for unjust enrichment under California law. Under California law, unjust enrichment is a theory of recovery, not an independent legal claim. *Melchoir v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *see also McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) ("There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust."). Therefore, although Plaintiffs may be entitled to recovery for unjust enrichment under other theories of liability, their claim for unjust enrichment does not constitute a stand-alone cause of action.[3] Accordingly, the Court dismisses Plaintiffs' claim for unjust enrichment, although it makes no finding as to whether Plaintiffs may be entitled to such damages as a matter of law.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Acer's motion to dismiss. The Court GRANTS Acer's motion as to Plaintiffs' breach of implied warranty claim, Magnuson-Moss Act claim to the extent it is premised on a breach of implied warranty, fraud by omission claim, unjust enrichment claim, and claims under the CLRA, UCL and FAL. The Court DENIES Acer's motion as to Plaintiffs' breach of express warranty claim and Magnuson-Moss Act claim to the extent it is premised on a breach of express warranty. The Court will provide Plaintiffs leave to amend their claims under the CLRA, UCL and FAL to plead the alleged misrepresentations more particularity. Plaintiffs shall file an amended complaint, if any, within twenty days of the date of this Order. If Plaintiffs do not file an amended complaint, Acer shall file an answer within twenty days. If Plaintiffs file an amended complaint in accordance with this Order, Acer shall either file an answer or move to dismiss within twenty days of service of the amended complaint.

///

---

[3] Some courts have found that it is unclear whether California law recognizes a claim for "unjust enrichment" as a separate claim and have chosen to allow a claim for unjust enrichment. *See, e.g.*, *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006). However, this Court believes the better course is to allow Plaintiffs to pursue recovery for unjust enrichment under other theories of liability.

///

///

The Court FURTHER ORDERS that the case management conference is continued to November 6, 2009. The parties shall file an amended joint case management statement by no later than October 30, 2009.

**IT IS SO ORDERED.**

Dated: September 14, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE