DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswplaw.com
**PEARSON, SIMON, WARSHAW & PENNY, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

MICHAEL P. LEHMANN (Bar No. 77152)
  mlehmann@hausfeldllp.com
**HAUSFELD, LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile:  (415) 358-4980

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LORA AND CLAY WOLPH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ACER AMERICA CORPORATION, a California corporation,<br><br>Defendant. | CASE NO. CV-09-01314 JSW<br><br>(Assigned to the Honorable Jeffrey S. White)<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION AND [**~~PROPOSED~~**] ORDER REGARDING EXPERT DISCOVERY** |

Plaintiffs LORA AND CLAY WOLPH and Defendant ACER AMERICA CORPORATION hereby enter the following Joint Stipulation and [Proposed] Order Regarding Expert Discovery ("Order") in the above-captioned proceeding:

1.     In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, the parties have agreed to certain limitations on the scope of expert-related discovery.  Neither the terms of the Order nor the parties' agreement to

1   them implies that any of the information restricted from discovery in this Order would otherwise
2   be discoverable.
3       2.   The parties will make all disclosures required by Federal Rule of Civil Procedure
4   26(a)(2)(B), except as modified or limited by this Order, in accordance with the deadlines set forth
5   in any operative case management or scheduling Order as may be entered or amended by the
6   Court.  In addition, the parties will supplement such disclosures no later than 5 business days
7   before an expert's deposition and at such time will serve those supplemental disclosures on
8   opposing counsel via electronic mail.
9       3.   The following categories of documents, data, and information need not be disclosed
10  by any party and are outside the scope of permissible expert discovery for any time during the
11  pendency of the above-captioned litigation:
12      (a)   any written or oral communications (including notes, emails and/or
           memoranda memorializing the same) between or among: (1) expert
           witnesses and counsel; (2) expert witnesses and other expert witnesses or
           consultants; and/or (3) expert witnesses and their respective staffs;
13      (b)   any notes, draft reports, draft studies, draft work papers, or other
           preliminary calculations, computations, data runs, or work prepared by, for,
           or at the direction of an expert witness.
14      4.   The protections against discovery contained in paragraph 3 above will not apply to
    any communications, documents, data, statistical analyses, notes, computations, data runs, or work
    or other information upon which an expert witness relies for any of his or her opinion(s) in this
    matter.  Data, statistical analyses, or other information (including any calculation or exhibit) upon
    which an expert relies for any of his or her opinion(s) in this matter shall be provided in electronic
    or machine readable format, including any data that has been cleaned, reformatted, or modified in

1  any way from the form in which it may have been provided to the expert.  To the extent the data
2  relied upon by such person was not cleaned, reformatted, or modified in any way and was
3  previously produced in this litigation, the party will provide a list identifying the data and/or other
4  information by document number.  All documents, data, and other information shall be provided
5  in a format as agreed to by the parties, but no party need produce computer software that is
6  reasonably and readily commercially available (*e.g.*, Microsoft Word, Excel).

7  5.  Nothing in this stipulation shall be construed to prevent deposition questions
relating to the substance of the testifying expert's opinions (including alternative theories,
methodologies, variables, or assumptions that the expert may or may not have considered in
formulating his or her opinions or in preparing his or her report) or to any communications or
other information upon which an expert witness specifically relies for any of his or her opinion(s)
in this matter.

6.  Nothing in this stipulation shall be construed to preclude reasonable questions at
deposition concerning the expert's compensation, hours expended in preparing his or her report
and testimony, and frequency and duration of meetings with counsel regarding his or her report.
Written engagement letters and other documents defining or limiting the scope of work to be
performed by the expert are discoverable.  Invoices to the parties and time records maintained by
experts (or their firms) that identify the individuals who worked on the engagement and the hours
they worked are discoverable.

7.  No subpoenas (for depositions or documents) need be served on any testifying
expert from whom a report or declaration is provided.  Instead, the party retaining such expert will
make the expert available for deposition, at a time mutually agreed to by the parties and consistent
with the Court's scheduling orders.

8. The parties agree to comply with this Order pending the Court's approval and entry of this Order.

DATED: January 11, 2010

*[signature]*
Michael P. Lehmann (77152)
mlehmann@hausfeldllp.com
**Hausfeld, LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 693-0770

Daniel L. Warshaw (185365)
dwarshaw@pswplaw.com
Bobby Pouya (245527)
bpouya@pswplaw.com
**Pearson, Simon, Warshaw & Penny, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Richard S. Lewis
rlewis@hausefeldllp.com
James J. Pizzirusso
jpizzirusso@hausfeldllp.com
Melinda Coolidge
mcollidge@hausfeldllp.com
**Hausfeld, LLP**
1700 K Street NW
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Jori Bloom Naegele
jbnaegele@gmail.com
Robert D. Gary
rdgary@gmail.com
**Gary, Naegele & Theado, LLC**
446 Broadway Avenue
Lorain, OH 44052
Telephone: (440) 244-409
Facsimile: (440) 244-3462

*Attorneys for Plaintiffs and the Proposed Class*

DATED: January 11, 2010

Chad Stegeman (225745)
cstegeman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

James J. Scheske
jscheske@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
5300 West 6th Street, Suite 2100
Austin, TX 78701
Telephone: (512) 499-6200
Facsimile: (512) 499-6290

*Attorneys for Defendant Acer America Corporation*

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: January 14, 2010

Honorable Jeffrey S. White
UNITED STATES DISTRICT COURT