IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORA and CLAY WOLPH, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

ACER AMERICA CORPORATION,

    Defendant.

No. C 09-01314 JSW

**ORDER ON MOTION FOR RECONSIDERATION**

Now before the Court is the motion for reconsideration filed by defendant Acer America Corporation ("Acer"). This motion is fully briefed and is ripe for decision. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for decision without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for March 30, 2012 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby denies Acer's motion.

**ANALYSIS**

Acer is moving for reconsideration on the following two grounds: (1) the Court should reconsider its ruling regarding whether the proposed class is ascertainable in light of the Supreme Court's ruling in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011); and (2) the Court should reconsider its ruling on predominance because the Court relied on arguments made by Plaintiffs Lora and Clay Wolph ("Plaintiffs") for the first time in their reply brief. The Court will address each of Acer's grounds in turn.

**A.  Ascertainable.**

A party seeking class certification must demonstrate that an identifiable and ascertainable class exists. *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). "'Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)).  "A class definition should be 'precise, objective and presently ascertainable.'" *Rodriguez v. Gates,* 2002 WL 1162675 at *8 (C.D. Cal. 2002) (quoting *O'Connor v. Boeing North American, Inc*., 184 F.R.D. 311, 319 (C.D. Cal. 1998)); *see also* Manual for Complex Litigation, Fourth § 21.222 at 270-71 (2004).  The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member. *See, e.g., Davoll v. Webb*, 160 F.R.D. 142, 144 (D. Colo. 1995); *Pryor v. Aerotek Scientific, LLC*, --- F.R.D.---, 2011 WL 6376703, *5 (C.D. Cal. Nov. 15, 2011) (quoting *O'Connor,* 184 F.R.D. at 319) ("A class is sufficiently defined and ascertainable if it is 'administratively feasible for the court to determine whether a particular individual is a member.'").

Acer argues that, in light of *Wal-Mart Stores*, 131 S.Ct. 2541, Plaintiffs should be required to demonstrate, on the merits, that Acer's notebooks were defective.  The Court disagrees.  In ruling on Plaintiffs' motion for class certification, the Court did note that Plaintiffs presented sufficient evidence at that procedural stage to show the plausibility of their claim that Acer's notebooks containing 1 GB or less of RAM do not have sufficient memory to operate Vista Premium and are therefore defective.   However, this finding was not essential to the Court's conclusion that the class is ascertainable.

As stated above, a class is sufficiently defined and ascertainable if it is administratively feasible for the court to determine whether a particular individual is a member. *See Davoll*, 160 F.R.D. 142 at 144; *Pryor*, 2011 WL 6376703 at *5.  Here, the class is defined as:

> All persons and entities who reside in the United States who have purchased, and have not returned for refund, a new Acer notebook computer from Acer or an Acer Authorized Reseller, not for resale, that came pre-installed with a Microsoft® Windows Vista Home

2

> Premium, Business, or Ultimate operating system, and contained 1GB of Random Access Memory or less as shared memory for both the system and graphics.

From this definition, it is administratively feasible to determine whether a particular individual is a member of the class. The parameters for membership in the class are set by objective criteria. *See Pryor*, 2011 WL 6376703, * 5 (finding class ascertainable where the parameters for membership in the class were objective criteria and members were ascertainable through business records); *see also Hofstetter v. Chase Home Finance, LLC*, 2011 WL 1225900, *14 (N.D. Cal. March 31, 2011) (same). An individual is a member of the class if he or she purchased the notebook at issue and did not return it. Acer does not dispute that the identity and contact information for a significant portion of theses individuals can be obtained from the warranty registration information and through Acer's customer service databases. Accordingly, the Court finds that the holding in *Wal-Mart Stores* does not alter the Court's finding that the class is ascertainable and, thus, denies Acer's motion for reconsideration on this ground.

**B.     Predominance.**

Upon consideration of the authorities cited by Acer and by Plaintiffs, the Court finds that reconsideration of the issue of predominance is not required. Acer argues that, based on *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 666 (9th Cir. 2004), there may be no presumption of reliance. Accordingly, accordingly to Acer, Plaintiffs must individually prove reliance for every class member, and thus, individual issues predominate. However, the Ninth Circuit has recently ruled to the contrary. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011).

"[T]o state a claim under either [California's Unfair Competition Law ("UCL")] or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived." *Id.* at 1020 (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)). In contrast to common law fraud claims, the UCL focuses "on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices." *Id.* (quoting *Tobacco II*, 46 Cal. 4th at 312). Therefore, "relief under the UCL is

3

1  available without individualized proof of deception, reliance, and injury." *Id*. (quoting *Tobacco
2  II*, 46 Cal. 4th at 320). Based on the holding in *Tobacco II*, the Ninth Circuit held that the
3  district court erred in finding that individual issues on reliance and causation predominated. *Id*.[1]

4  With respect to Plaintiffs' Consumer Legal Remedies Act ("CLRA") claim, the Ninth
5  Circuit explicitly recognized in *Stearns* that "California law permits a court to try, and a class to
6  establish causation/reliance as a common issue by inference." *Johnson v. General Mills, Inc.*,
7  276 F.R.D. 519, 522 (C.D. Cal. 2011) (citing *Stearns*, 655 F.3d at 1022.) As the *Stearns* court
8  explained, "[c]ausation, on a classwide basis, may be established by *materiality*. If the trial
9  court finds that material misrepresentations have been made to the entire class, an inference of
10 reliance arises as to the class." *Stearns*, 655 F.3d at 1022 (quoting *In re Vioxx Class Cases*, 180
11 Cal. App. 4th 116, 129 (2009)) (emphasis in original). Materiality "is determined from the
12 perspective of the reasonable consumer." *Keilholtz* v. *Lennox Hearth Products Inc.*, 268 F.R.D.
13 330, 343 (N.D. Cal. 2011) (citing *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094 (N.D.
14 Cal. 2007)); *see also Stearns*, 655 F.3d at 1022. Here, the Court found that Plaintiffs' claims
15 are premised on misrepresentations that were made to the entire class. Therefore, common
16 issues predominate on Plaintiffs' CLRA claim.

17 Despite the Ninth Circuit's opinion in *Stearns*, Acer contends that *Poulos v. Caesars
18 World, Inc.*, 379 F.3d 654 (9th Cir. 2004), holding that an inference of reliance is not
19 permissible when an action is primarily premised on affirmative misrepresentations, is
20 controlling. However, as the court noted in *Johnson*, "*Poulos* is inapplicable here because it is
21 based on a different statutory and common law scheme." *Johnson*, 276 F.R.D. at 522. In
22 *Poulos*, the court determined that no inference of reliance could be drawn in a RICO class
23 action. *Id.*, 379 F.3d at 666. Moreover, even if the rule in *Poulos* could be extended to class
24 actions beyond RICO, "an expansion into CLRA claims is clearly contradictory to the Ninth

---

[1] The court clarified that predominance might not be shown in every UCL class action: "For example, it might well be that there was no cohesion among the members because they were exposed to quite disparate information from various representatives of the defendant." *Stearns*, 655 F.3d at 1020. However, that was not the case in *Stearns* and, thus, the district court erred in denying class certification. *Id*. Similarly, here, this is not a case where the class was exposed to disparate representations by varying sources.

4

Circuit's assertions in [*Stearns*], decided after *Poulos*." *Johnson*, 276 F.R.D. at 522. The Ninth Circuit in *Stearns*, "explicitly recognized that a classwide inference of reliance for both affirmative misrepresentations and omissions is proper for a CLRA claim." *Id.* Accordingly, the Court finds that reconsideration is not warranted here.

## CONCLUSION

For the reasons set forth above, the Court DENIES Acer's motion for reconsideration. The Court HEREBY SETS a further case management conference in the case for April 27, 2012 at 1:30 p.m. The parties shall file a joint case management statement by no later than April 20, 2012.

**IT IS SO ORDERED.**

Dated: March 23, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE