1   DANIEL L. WARSHAW (Bar No. 185365)
      dwarshaw@pswplaw.com
2   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    15165 Ventura Boulevard, Suite 400
3   Sherman Oaks, CA 91403
    Telephone: (818) 788-8300
4   Facsimile: (818) 788-8104

5   JAMES J. PIZZIRUSSO (admitted pro hac vice)
      jpizzirusso@hausfeldllp.com
6   **HAUSFELD, LLP**
    1700 K Street NW
7   Washington, DC 20006
    Telephone: (202) 540-7200
8   Facsimile: (202) 540-7201

9   *[Additional Class Counsel Listed on Signature Page]*
    Attorneys for Plaintiffs and the Class
10

11              **UNITED STATES DISTRICT COURT**

12   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

13

14   LORA AND CLAY WOLPH, on behalf of       CASE NO. CV-09-01314 JSW
     themselves and all others similarly situated,
15                                            **CLASS ACTION**
                Plaintiffs,
16                                            **NOTICE OF MOTION AND MOTION**
          vs.                                 **FOR PRELIMINARY APPROVAL OF**
17                                            **CLASS ACTION SETTLEMENT**
     ACER AMERICA CORPORATION, a
18   California corporation,                  (Assigned to the Honorable Jeffrey S. White)

19                Defendant.                  [Complaint Filed: March 25, 2009]

20
                                              Date:     March 1, 2013
21                                            Time:     9:00 a.m.
                                              Crtrm.:   11
22

23

24

25

26

27

28

*(Left margin, vertical text):* PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2013, at 9:00 a.m. or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Jeffrey S. White, United States District Court, Northern District of California, San Francisco Division, Plaintiffs Lora Wolph and Clay Wolph will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for the entry of an Order:

    1.    Preliminarily approving the settlement with Acer America Corporation;

    2.    Directing distribution of notice of the proposed settlement to the Class; and

    3.    Setting a schedule for the final approval process.

The grounds for this motion are that the proposed Class settlement is within the range of being finally approved as fair, reasonable, and adequate.

This motion is based on this Notice of Motion and Motion for Preliminary Approval of Class Settlement, the Declaration of Daniel L. Warshaw, the attached Memorandum of Points and Authorities in support thereof, the pleading and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.


DATED: January 16, 2013                /s/ *Daniel L. Warshaw*

Daniel L. Warshaw (185365)
dwarshaw@pswplaw.com
Bobby Pouya (245527)
bpouya@pswplaw.com
**Pearson, Simon, Warshaw & Penny, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104


James J. Pizzirusso (admitted pro hac vice)
jpizzirusso@hausfeldllp.com
Melinda Coolidge (admitted pro hac vice)
mcollidge@hausfeldllp.com
**Hausfeld, LLP**
1700 K Street NW
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

Michael P. Lehmann (77152)
mlehmann@hausfeldllp.com

2

**Hausfeld, LLP**
44 Montgomery Street, Suite 3400

3

San Francisco, CA 94104
Telephone: (415) 633-1908

4

Facsimile:  (415) 693-0770

5

Jori Bloom Naegele (admitted pro hac vice)
jbnaegele@gmail.com

6

Robert D. Gary (admitted pro hac vice)
rdgary@gmail.com

7

**Gary, Naegele & Theado, LLC**
446 Broadway Avenue

8

Lorain, OH 44052
Telephone: (440) 244-4809

9

Facsimile:  (440) 244-3462

10

Attorneys for Plaintiffs and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**TABLE OF CONTENTS**

**Page**

I.  SUMMARY OF ARGUMENT ..................................................................1

II.  FACTUAL & PROCEDURAL HISTORY ................................................2

    A.  Summary of Plaintiffs' Claims.............................................................2

    B.  Procedural History.............................................................................3

    C.  Summary of Settlement Negotiations ..................................................4

III.  SUMMARY OF SETTLEMENT TERMS ...............................................5

    A.  Class Member Relief ........................................................................5

    B.  Narrowly Tailored Release ................................................................6

    C.  Class Representative Incentive Awards ...............................................6

    D.  Attorneys' Fees and Costs .................................................................7

    E.  A Comprehensive Notice Program ......................................................7

IV.  THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED..........7

    A.  Standard For Settlement Approval ......................................................7

    B.  The Proposed Settlement Provides Substantial Relief to the Class Members and Should be Granted Preliminary Approval ..........................................9

V.  THE SETTLEMENT PROVIDES FOR PROPER NOTICE TO THE CLASS.................11

    A.  The Methods of Notice Provided Are Fair Reasonable and Comport with the Applicable Law ..........................................................................11

    B.  The Form And Content Of The Notices Should Be Approved. ..............14

VI.  ATTORNEYS' FEES AND COSTS ......................................................15

VII.  THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE.................15

VIII.  CONCLUSION ..................................................................................16

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## **TABLE OF AUTHORITIES**

CASES

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) .................................................................................................... 11

*Browning v. Yahoo! Inc.,*
  04-CV-01463-HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006)................................ 12, 14

*Chavez v. Netflix, Inc.,*
  162 Cal. App. 4th 43 (2008) ........................................................................................ 15

*Churchill Village, L.L.C. v. General Elec.,*
  361 F.3d 566 (9th Cir. 2004)...................................................................................... 7, 8

*Class Plaintiffs v. City of Seattle,*
  955 F.2d 1268 (9th Cir. 1992)..................................................................................... 7, 9

*Embry v. Acer America Corp.,*
  09-CV-1808-JW (N.D. Cal. Oct. 24, 2011) ............................................................... 1, 13

*Fraley v. Facebook, Inc.,*
  11–CV–01726–RS, 2012 WL 6013427 (N.D. Cal. Dec. 3, 2012).................................... 8

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1988) ...................................................................................... 8

*Hopson v. Hanesbrands, Inc.,*
  08–CV–0844–EDL, 2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ................................... 7

*In re HP Laser Printer Litig.,*
  07–CV–0667–AG, 2011 WL 3861703 (C.D. Cal. Aug. 31, 2011)................................ 13, 15

*In re Mercury Interactive Corp. Sec. Litig.,*
  618 F.3d 988 (9th Cir. 2010)....................................................................................... 15

*In re NASDAQ Market Makers Antitrust Litigation,*
  176 F.R.D. 99 (S.D.N.Y. 1997) ................................................................................... 8

*In re Pacific Enter. Sec. Litig.,*
  47 F.3d 373 (9th Cir. 1995) ......................................................................................... 7

*In re Tableware Antitrust Litigation,*
  484 F.Supp.2d 1078 (N.D. Cal. 2007) ..................................................................... 1, 8, 11

*Lundell v. Dell, Inc.*
  05–CV–3970–JW, 2006 WL 3507938 (N. D. Cal. Dec. 5, 2006) ................................. 12

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*McKell v Washington Mut. Inc.*,
    142 Cal. App. 4th 1457 (2006) ............................................................................................ 9

*Mullane v. Central Hanover Bank & Trust Co.*,
    229 U.S. 306 (1950). Notice ............................................................................................ 11

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*,
    660 F. 2d 9 (2d Cir. 1981) ................................................................................................ 6

*Norflet ex rel. Norflet v. John Hancock Life Ins. Co.*,
    658 F.Supp.2d 350 (D. Conn. 2009) ................................................................................ 13

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982)) .......................................................................................... 8

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ............................................................................................ 7

*Vasquez v. Coast Valley Roofing, Inc.*,
    670 F.Supp.2d 1114 (E.D. Cal. 2009) .............................................................................. 8

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) .................................................................................................... 4

**STATUTES**

28 U.S.C. 1715 ........................................................................................................................ 14

Cal. Civ. Code § 1781 ............................................................................................................ 11

Cal. Civ. Code §§ 1750, *et seq.* ............................................................................................ 2

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .......................................................................... 3

Cal. Bus. & Prof. Code §§ 17500, *et seq.* .......................................................................... 3

Fed. R. Civ. Proc. 23(c) .................................................................................................. 11, 12, 14

Fed. R. Civ. Proc. 23(e) .................................................................................................. 1, 7

Fed. R. Civ. Proc. 23(f) ...................................................................................................... 3

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## I.      SUMMARY OF ARGUMENT

Plaintiffs Lora and Clay Wolph's ("Plaintiffs") brought this action alleging that Defendant Acer America Corporation ("Acer") manufactured and distributed certain notebook computer models, that were defective because they did not have sufficient system memory to support the Microsoft Windows Vista operating system with which they were promoted and sold.  Plaintiffs' goal in filing this lawsuit was to remedy the core problems resulting from the insufficient system memory on these class notebooks and provide class members with relief for the inadequate performance of these computers and/or past repairs.

The class Settlement Agreement achieves this goal by allowing eligible class members to make a claim to recover either: (1) a 16 GB USB Flash Drive with ReadyBoost technology that can be used to enhance computer performance or store and transport files; (2) a check for $10; (3) a 1 GB or 2 GB laptop memory DIMM if they still own their class computer, that will enhance the system memory of the class computer to at least 2 GB; or (4) up to $100 in monetary reimbursements if they made past repairs relating to inadequate memory on the class computers. *See* Settlement Agreement §§ 3.4, 3.5.  As detailed below, the Settlement Agreement is fair reasonable and adequate and justifies an order granting preliminary approval.  *See* Fed. R. Civ. Proc. 23(e); *In re Tableware Antitrust Litigation*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).

The Court should also approve the proposed comprehensive notice program under the Settlement which includes: (1) direct email notice to class members whose email address can be identified through Acer's records; (2) supplemental direct postcard notice to class members who can be identified through Acer's records, but cannot receive email notice; (3) print publication notice published in a number of widely circulated magazines and newspapers; (4) internet publication utilizing internet banner advertisements and search engine adwords; (5) the establishment of a settlement website and toll free number; (6) publication on Acer's website; and (7) dissemination of a joint press release regarding the settlement.  This comprehensive notice program comports with the relevant law and is substantially similar to the notice previously approved by this Court.  *See* Order Granting Plaintiffs' Class Notice Plan (Dkt. 160); Fed. R. Civ. Proc. 23(c); *Embry v. Acer America Corp.*, 09-cv-1808-JW (N.D. Cal. Oct. 24, 2011).

## II.      FACTUAL & PROCEDURAL HISTORY

### A.      Summary of Plaintiffs' Claims

This case arises out of an alleged product defect relating to certain models of Acer notebook computers that came bundled and pre-installed with Microsoft Windows Vista Home Premium, Business, or Ultimate operating system (collectively referred to herein as "Vista Premium"), and which were pre-installed with 1 gigabyte ("GB")[1] of Random Access Memory ("RAM") or less of shared system memory ("Class Computers").

"System memory" refers to the memory on a computer that is dedicated to the operating system and distinguishable from other memory on the computer that is dedicated to storage (*e.g.*, the hard drive) rather than operation.  Plaintiffs alleged that the minimum system memory required to support the functionality and features of Vista Premium is 1 GB of system memory *plus* a separate and discrete graphics chip with at least 128 megabytes ("MB") of graphics-dedicated memory and that Microsoft (and others) recommended at least 2 GB of Memory on computers running Vista Premium.  Plaintiffs alleged that the Class Computers, which were promoted, distributed and sold with Vista Premium did not meet this minimum threshold because they were equipped with 1 GB or less of shared system memory.  Plaintiffs contend that this lack of sufficient system memory caused the Class Notebooks to suffer various performance problems, including slow load times, lock-ups, and crashing that rendered the products defective.  Plaintiffs alleged that this defect constitutes a violation of the Magnuson-Moss Warranty Act and a breach of Acer's express written warranty.  *See* Second Amended Class Action Complaint ("SACC") (Dkt. 130), ¶¶ 139-156.

Plaintiffs further alleged that Acer misrepresented to consumers that the Class Computers could adequately operate Vista Premium. *See* SACC, Ex. D.  Plaintiffs alleged that Acer's representations regarding the ability of the Class Computers to operate Vista Premium were false and misleading in violation of California's Consumers Legal Remedies Act, Civ. Code §§ 1750, *et*

---

[1] 1 GB of RAM is the same as 1028 megabytes ("MB") of RAM.

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1 | *seq*., California's False Advertising Law, Bus. and Prof. Code §§ 17500, *et seq*., and California's

2 | Unfair Competition Law, Bus. and Prof. Code §§ 17200, *et seq*. (collectively "Consumer

3 | Protection Statutes").  *See* SACC ¶¶ 122-138, 157-182.

4 | **B.** **Procedural History**

5 | Plaintiffs Lora and Clay Wolph filed this class action lawsuit against Acer America

6 | Corporation on March 25, 2009.  (Dkt. 1).  On September 14, 2009, the Court granted in part and

7 | denied in part Acer's motion to dismiss the complaint.  (Dkt. 57).  Plaintiffs filed their First

8 | Amended Class Action Complaint, reasserting several claims that had initially been dismissed

9 | without prejudice.  (Dkt. 59).  Acer filed its Answer to the First Amended Complaint on October

10 | 21, 2009 and the parties commenced discovery.  (Dkt. 60).  Plaintiffs reviewed hundreds of

11 | thousands of pages of Acer's internal documents (including a massive customer inquiry database);

12 | deposed multiple Acer employees as well as Acer's expert; served a third party subpoena directed

13 | to Microsoft Corporation; and deposed a Microsoft Corporation designee.  *See* Declaration of

14 | Daniel L. Warshaw ("Warshaw Decl.") ¶ 3.  Plaintiffs also provided reports from and defended

15 | the depositions of their two retained experts.  *See id.*

16 | Plaintiffs filed their Motion for Class Certification on November 22, 2010.  (Dkt. 95-102).

17 | On March 25, 2011, The Court certified the following class:

18 | All persons and entities who reside in the United States who have

19 | purchased, and have not returned for refund, a new Acer notebook computer from Acer or an Acer Authorized Reseller, not for resale,

20 | that came pre-installed with a Microsoft® Windows Vista Home Premium, Business, or Ultimate operating system, and contained 1

21 | GB of Random Access Memory or less as shared memory for both the system and graphics ["Class"].[2]

22 | Plaintiffs filed the SACC to conform with the class definition approved by the Court on

23 | March 25, 2011.  (Dkt. 130).  Acer sought permission to appeal the class certification decision

24 | under Rule 23(f), which the Ninth Circuit rejected on June 28, 2011.  Acer then moved under

25 | Local Rule 7-9(a)-(b) to reconsider the decision granting class certification, arguing that the

26 |

27 | [2] Order on Motion for Class Certification (Dkt. 129), p. 5.

28 |

1    Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) required the

2    court to decertify the class. (Dkt. 148). On March 23, 2012, this Court denied Acer's motion for

3    reconsideration. (Dkt. 154).

4          Plaintiffs have entered into the Settlement Agreement with a full and complete

5    understanding of the relevant facts and circumstances surrounding this litigation. Warshaw Decl.,

6    3-10.

7        **C.**      <u>**Summary of Settlement Negotiations**</u>

8          The Settlement Agreement in this case was reached through good faith and arm's length

9    negotiations which took place after the Court certified this case as a class action. *See* Warshaw

10    Decl. ¶ 4. On May 30, 2012 the parties attended a full day mediation session with Judge Daniel H.

11    Weinstein (Ret.). During this mediation the parties outlined the general principles and guidelines

12    of a potential settlement on behalf of the class members. *See id.* The parties did not discuss the

13    issue of attorneys' fees or costs during the mediation and no agreement on fees was reached until

14    after the parties had reached agreement on the full scope of relief to the class. *See id.*

15          In the months following this initial mediation, the parties engaged in several significant

16    additional negotiations regarding the terms of a class settlement and the relief to the Class

17    Members thereunder. Warshaw Decl. ¶ 5. The parties' settlement discussions went beyond

18    simple dollar figures and focused on crafting a settlement that adequately addressed the injuries

19    Plaintiffs alleged were suffered by the Class Members. *See id.*

20          On August 2, 2012 the parties signed a settlement term sheet that reflected the terms of

21    their settlement agreement and the relief to the class provided thereunder. *See* Warshaw Decl. ¶ 6.

22    After the parties reached an agreement on the terms of relief to the Class Members, counsel for the

23    parties met in person on September 24, 2012 at which time they negotiated and reached an

24    agreement on attorneys' fees and costs, subject to approval of the Court. *Id.* After the parties had

25    reached agreement on these issues, it took several more months to finalize a formal Settlement

26    Agreement and negotiate the details in connection therewith. *Id.* The settlement negotiations

27    were hard fought and at several times it looked as if no settlement would be reached. *Id.*

28          The parties fully formalized their settlement in a long form Settlement Agreement that was

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  agreed to and fully executed on January 16, 2013.  *See* Warshaw Decl., Ex. 1.

2  **III.**   **SUMMARY OF SETTLEMENT TERMS**

3      The Settlement Agreement adopts a multi-faceted approach that provides Class Members

4  with various options for obtaining substantive relief, regardless of whether they continue to own or

5  use the Class Computers, have previously paid for repairs, want to enhance the memory and

6  performance of their class computer, or prefer to receive a cash remedy.  The essential terms of the

7  Settlement Agreement are summarized in the paragraphs below.

8      **A.**   **Class Member Relief**

9      Eligible Class Members are provided with the following four options for making a claim

10  for recovery under the Settlement agreement depending on their personal preference, facts and

11  circumstances:

12      First, all Class Members can make a claim to receive a 16 GB USB flash drive with

13  ReadyBoost technology.  Unlike ordinary flash drives that can be used to save and store files,

14  ReadyBoost technology allows for the memory on the flash drive to be utilized to supplement the

15  computer's memory, thereby helping to increase computer speed and performance.  In addition to

16  enhancing performance, these ReadyBoost flash drives can be used by Class Members to store and

17  transport digital files like non-ReadyBoost flash drives.  *See* Settlement Agreement § 3.4(a).

18      Second, all Class Members can alternatively make a claim to receive a check for $10.00

19  cash.  This cash payment reimburses class members for any inconvenience suffered as a result of

20  the alleged unsatisfactory performance of the Class Computers and can be used by Class Members

21  as they see fit.  *See* Settlement Agreement § 3.4(b).

22      Third, class members who still own their Class Computers, can alternatively choose to

23  receive a 1 GB or 2 GB RAM dual in line memory module ("DIMM"), sufficient to allow the

24  Class Computer to operate with at least 2 GB RAM of system memory.[3]  This remedy directly

25  _____

26  [3] Whether a Class Member gets a 1 GB DIMM or a 2 GB DIMM under the Settlement is
27  dependent on whether their model is capable of recognizing the extra DIMM as additional
   memory or whether the DIMM must replace the memory on the class notebook.

28

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  addresses and relates to Plaintiffs' allegations that the Class Computers with 1 GB RAM or less of

2  system memory cannot sufficiently operate Vista Premium. *See* Settlement Agreement § 3.4(c).

3  Although these DIMMs require the class member to install the memory on their own, they provide

4  a significant enhancement to the class computers and resolve the issues present.

5  Fourth, Class Members who paid for repairs to the Class Computers to resolve

6  performance issues directly related to inadequate memory can alternatively receive a refund for

7  the repairs of up to $100. This remedy is designed to reimburse the Class Members for their out

8  of pocket losses incurred as a result of repairing their Class Computer at their own expense rather

9  than receiving a warranty repair by Acer. Furthermore, this option provides the Class Members

10  who were the most dissatisfied with the performance of their computer with the greatest potential

11  for monetary recovery. *See* Settlement Agreement § 3.5.

12  Notably, the relief available provides class members with nearly all of their potential

13  available damages and should fully resolve any problems alleged in the Complaint through the use

14  of added computer memory, a memory-enhanced flash drive, or cash. It is anticipated that the

15  combination of remedies under the Settlement Agreement will provide an average value of $20 per

16  claim. *See* Warshaw Decl. ¶ 10. With approximately one million Class Computers at issue in this

17  case, the class relief has a total potential monetary value of $20,000,000. *See id.*

18  **B.**    <u>**Narrowly Tailored Release**</u>

19  The Settlement Agreement provides for a narrowly tailored Class Member release that is

20  specifically limited to the claims that were based upon the specific facts alleged in this case. *See*

21  Settlement Agreement § 7.3. The release comports with the applicable law, which holds that a

22  class action lawsuit may release all claims "that may arise out of the transactions or events pleaded

23  in the complaint." *See* Conte & Newberg, 4 Newberg on Class Actions (4th ed. 2010)

24  ("Newberg") § 12:15, at 312; *see also Nat'l Super Spuds, Inc. v. New York Mercantile Exchange,*

25  660 F. 2d 9, 16-18 (2d Cir. 1981).

26  **C.**    <u>**Class Representative Incentive Awards**</u>

27  The Settlement Agreement also provides for an incentive award of up to $5,000 each to

28  Plaintiffs Lora Wolph and Clay Wolph, respectively. This incentive award reasonably

1    compensates Plaintiffs, who were both deposed, closely monitored the case and assisted Class

2    Counsel throughout this litigation. It is also consistent with incentive awards approved in similar

3    class actions. *See Hopson v. Hanesbrands, Inc.*, 08–CV–0844–EDL, 2009 WL 928133 (N.D. Cal.

4    Apr. 3, 2009) ("In general, courts have found that $5,000 incentive payments are reasonable.")

5    (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir., 2000); *In re SmithKline*

6    *Beckman Corp.*, 751 F.Supp. 525, 535 (E.D. Pa. 1990); *Alberto v. GMRI, Inc.*, 2008 WL 2561106,

7    11–13 (E.D. Cal. June 24, 2008)).

8         **D.**    **Attorneys' Fees and Costs**

9         The Settlement Agreement allows class counsel to may make an application to the Court

10    for an award of attorneys' fees, costs and expenses, in an amount not to exceed $2,715,000. These

11    attorneys' fees and costs were negotiated only after reaching an agreement as to the relief to the

12    Class and will be paid by Acer in addition to any recovery by the Class Members.

13         **E.**    **A Comprehensive Notice Program**

14         The Settlement Agreement provides for a comprehensive notice program that utilizes a

15    combination of direct, internet, and publication notice to alert Class Members of their rights under

16    the Settlement Agreement. *See* Settlement Agreement §§ 4.1-4.7. As set forth in detail below, the

17    notice program satisfies the requirements of Federal Rule of Civil Procedure ("Rule") 23 and

18    ensures that a substantial portion of the Class Members will receive notice of the Settlement

19    Agreement.

20    **IV.**    **THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

21         **A.**    **Standard For Settlement Approval**

22         Rule 23(e) dictates that court approval is required for any settlement of claims brought on a

23    class basis. "[T]here is an overriding public interest in settling and quieting litigation . . .

24    particularly . . . in class action suits which are now an ever increasing burden to so many federal

25    courts and which frequently present serious problems of management and expense." *Van*

26    *Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Churchill Village, L.L.C.*

27    *v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enter. Sec. Litig.*, 47 F.3d 373,

28    378 (9th Cir. 1995); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    approval of class action settlement involves a two-step process requiring preliminary approval and

2    final approval.

3         To grant preliminary approval of this class action settlement, the Court need only find that

4    the settlement is within "the range of reasonableness" to justify sending and publishing notice of

5    the Settlement to class members and scheduling final approval proceedings.  *See In re Tableware*

6    *Antitrust Litigation*, 484 F.Supp.2d at 1079; *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d

7    1114, 1125 (E.D. Cal. 2009); *Fraley v. Facebook, Inc.*, No. 11–CV–01726–RS, 2012 WL

8    6013427 at *1 (N.D. Cal. Dec. 3, 2012); *Manual for Complex Litigation* (Fourth) (2004)

9    ("*Manual*") § 13.14 at 173 ("First, the judge reviews the proposal preliminarily to determine

10   whether it is sufficient to warrant public notice and a hearing.  If so, the final decision on approval

11   is made after the hearing."); *Newberg* § 11.25.  Preliminary approval should be granted where "the

12   proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has

13   no obvious deficiencies, does not improperly grant preferential treatment to class representatives

14   or segments of the class and falls within the range of possible approval."  *In re NASDAQ Market*

15   *Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

16        The approval of a proposed settlement of a class action is a matter of discretion for the trial

17   court.  *Churchill Village, supra*, 361 F.3d at 575.  In exercising that discretion, however, courts

18   recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a

19   settlement approval hearing should "not be turned into a trial or rehearsal for trial on the merits."

20   *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied sub*

21   *nom. Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983).  Furthermore, courts must give "proper

22   deference" to the settlement agreement, because "the court's intrusion upon what is otherwise a

23   private consensual agreement negotiated between the parties to a lawsuit must be limited to the

24   extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

25   overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a

26   whole, is fair, reasonable and adequate to all concerned."  *Hanlon v. Chrysler Corp.*, 150 F.3d

27   1011, 1027 (9th Cir. 1988) (quotations omitted).

28        A proposed settlement may be finally approved by the trial court if it is determined to be

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  "fundamentally fair, adequate, and reasonable." *City of Seattle*, 955 F.2d at 1276.  While

2  consideration of the requirements for *final* approval is unnecessary at this stage, all of the relevant

3  factors weigh in favor of the settlement proposed here.[4]  Application of these factors here support

4  an order granting the motion for preliminary approval.

5  **B.      The Proposed Settlement Provides Substantial Relief to the Class Members**

6  **and Should be Granted Preliminary Approval**

7  As detailed above, this was a hard fought litigation which was vigorously contested by

8  both Plaintiffs and Defendants.  Although the Court has certified this case as a class action, there

9  was no guarantee that Plaintiffs would be able to prevail on the merits of their claims.

10  In order to succeed on their warranty claims, Plaintiffs would have had to demonstrate that

11  the alleged lack of system memory was so significant that it rendered the Class Computers

12  defective.  In opposing Plaintiffs' Motion for Class Certification, Acer argued that the Class

13  Computers were not defective because they had sufficient system memory to operate Vista

14  Premium and met Microsoft's minimum requirements.  *See* Opposition to Plaintiffs' Motion for

15  Class Certification (Dkt. 111) p. 8-11.  Although Plaintiffs are confident of their claims, there was

16  no guarantee that they would prevail on their warranty causes of action at trial.

17  In order to prevail on their claims for violation of California's Consumer Protection

18  Statutes, Plaintiffs would have had to prove that the Class Computers did not operate properly *and*

19  that Acer misrepresented the Class Computers' ability to operate Vista Premium.  In order to meet

20  this false advertising burden, Plaintiffs would have to prove that Acer's factual representations that

21  the Class Computers were equipped with Vista Premium, constituted an explicit misrepresentation

22  regarding the performance capabilities of the Class Computers that was likely to mislead or

23  deceive a reasonable consumer.  *See McKell v Washington Mut. Inc.*, 142 Cal. App. 4th 1457,

24  1471 (2006) (holding that truthful statements are only actionable if they are likely to mislead or

25  _____

26  [4] Plaintiffs will address in detail each of the factors required for final settlement approval in their

27  Motion for Final Approval of the Settlement, to be submitted following the issuance of notice to the class.

28

1    deceive a reasonable consumer, such as by failure to disclose other relevant information).  Acer

2    would have likely raised significant defenses to these claims, including that its statements were

3    truthful and not misleading.  Like Plaintiffs' warranty claims, there was no guarantee that

4    Plaintiffs would prevail on these Consumer Protection Statutes at trial.

5         Litigating this case through trial would also be a costly endeavor for the parties.  In order

6    to prepare for trial, Plaintiffs would have had to conduct additional merits discovery, from Acer

7    and third party witnesses such as Microsoft Corporation, to prove the existence and impact of the

8    alleged class-wide defect.  Plaintiffs and the Class would have also incurred significant expert fees

9    and costs, in order to adjudicate the existence of the alleged defect for the purpose of summary

10   adjudication and trial.  Litigating this case through trial would also require the parties to incur the

11   costs of distributing two class notices: one after the case was certified, and one after a judgment or

12   settlement.

13        Although there was no guarantee as to the successful outcome, Plaintiffs zealously

14   adjudicated this case on behalf of the Class Members in order to obtain a recovery that specifically

15   addresses and remedies Class Members' past, present and future injuries arising from the lack of

16   system memory on the Class Computers.  As detailed above, the Settlement Agreement

17   accomplishes this by giving eligible Class Members multiple options for recovery.  Specifically,

18   class members who value additional memory for their computers can choose to recover a 16 GB

19   USB Flash Drive with ReadyBoost technology that can be used to enhance computer performance

20   or store and transport files on another computer, or (if they still own their Class Computer) they

21   may recover an additional memory DIMM that will provide their Class Computer with adequate

22   system memory to operate Vista Premium. *See* Settlement Agreement § 3.4.  Class Members who

23   place a premium on monetary relief can file a claim for up to $100 in monetary reimbursements

24   for past repairs arising from or relating to inadequate memory on the Class Computers; or they can

25   receive a check for $10 that can be used as the Class Member sees fit.  *See* Settlement Agreement

26   §§ 3.4, 3.5.  When viewed in light of the potential risks of litigation and the defenses asserted by

27   Acer these remedies constitute an exceptional result for the Class Members and justify granting

28   preliminary approval to the Settlement Agreement.

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    Approval of the Settlement Agreement is further justified by the fact that Plaintiffs and the

2    Class Members were represented in the negotiations by counsel who have significant experience

3    in complex class action litigation, have negotiated numerous other substantial settlements, and

4    have the ability to litigate this case on a class-wide basis if a fair settlement were not offered.  *See*

5    Warshaw Decl. ¶ 9.  Class counsel Pearson, Simon, Warshaw & Penny LLP, Hausfeld LLP and

6    Gary, Naegele & Theado, LLC ("Class Counsel") were satisfied with the Settlement Agreement

7    only after conducting a thorough investigation and discovery into the nature of the action, the size

8    of the class, the complaints of Class Members, and the fairness of the individual recovery in this

9    case.  *See id.*  In negotiating and evaluating the Settlement Agreement, Class Counsel relied on

10   this investigation and drew on their considerable experience and expertise in determining that the

11   Settlement Agreement was fair, reasonable and adequate.  *See id.*

12   **V.   THE SETTLEMENT PROVIDES FOR PROPER NOTICE TO THE CLASS**

13   The notice program in this case is substantially similar to the pre-settlement notice plan

14   that was approved by the Court on June 13, 2012 (Dkt. 160) and includes a combination of direct

15   notice (via email and mail) and notice by publication (via print and internet publication) in order to

16   apprise the Class Members of the Settlement and allow them to exercise their rights thereunder.

17   The notice program comports with the requirements of Rule 23 and applicable case law and

18   should be approved by the Court.

19          **A.   The Methods of Notice Provided Are Fair Reasonable and Comport with the**

20               **Applicable Law**

21   Notice to the class must be "the best notice practicable under the circumstances, including

22   individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ.

23   Proc. 23(c)(2)(B); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997); *Mullane v. Central*

24   *Hanover Bank & Trust Co.*, 229 U.S. 306, 314 (1950).  Notice by publication is an acceptable

25   method of providing notice where the identity of specific class members is not reasonably

26   available.  *See In re Tableware Antitrust Litig*., 484 F. Supp. 2d at 1080 (citing *Manual for*

27   *Complex Litigation* (4th ed. 2004) § 21.311); *see also* Cal. Civ. Code § 1781 (authorizing notice

28   by publication pursuant to the Consumers Legal Remedies Act "if personal notification is

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    unreasonably expensive or it appears that all members of the class cannot be notified personally").

2    Since Acer did not directly sell the Notebooks to the vast majority of Class Members, it

3    does not possess contact information for the entire Class.  However, Acer does possess Class

4    Member contact information for purchasers who either registered their Notebooks for warranty

5    purposes or otherwise contacted Acer for service inquiries.  A review and analysis of these records

6    has resulted in the identification of Class Member names and contact information (either email or

7    postal mail) for 373,740 Class Members who purchased the approximately 975,000 Notebooks

8    that fall within the Class definition.  *See* Warshaw Decl. ¶ 10.  In accordance with Rule 23(c), the

9    Settlement Agreement provides that these 373,740 class members will receive direct email notice.

10   *See* Settlement Agreement § 4.2.  If the email notice "bounces back" (i.e., is not delivered because

11   the address is no longer valid), then the Class Member will be sent the postcard notice via first

12   class mail if he or she has a valid address in Acer's records.  *Id*. Postcard notice will also be sent to

13   every Class Member whose address appears in Acer's records without an email address.  *See id*.

14   This direct notice portion of the proposed notice program is the same as that previously

15   approved by the Court in the Notice Order.  *See* Notice Order (Dkt. 160).  This use of email notice

16   is also particularly suitable in this case dealing with technology products.  *Lundell v. Dell, Inc.*

17   2006 WL 3507938 * 1 (N. D. Cal. Dec. 5, 2006) (notice "disseminated via electronic messaging

18   and first class mail [ ] to Class members whom Dell determined did not receive notice via

19   electronic message [ ]… provided the best practicable notice to the members of the Class and

20   satisfied the requirements of due process."); *Browning v. Yahoo! Inc.*, 04-CV-01463-HRL, 2006

21   WL 3826714 at * 8 (N.D. Cal. Dec. 27, 2006) (holding that a notice program that "employs email

22   techniques that the Court finds to be particularly suitable in this case, where Settlement Class

23   Members' allegations arise from their visits to Defendants' Internet websites, demonstrating that

24   the Settlement Class Members are familiar and comfortable with email and the Internet.").

25   The Settlement Agreement supplements this direct notice campaign with publication notice

26   and in various print publications and via the Internet to reach the Class Members whose name and

27   contact information could not be ascertained from Acer's records.  The print publication portion of

28   the Settlement Agreement's notice plan calls for the insertion of the publication notice in the

following popular magazines and newspapers: (a) a one-eighth page advertisement for four consecutive weeks in *USA Today* (circulation 1,713,833); (b) a half page advertisement in single week in *TV Guide* (circulation 2,010,879); (c) a one-eighth page advertisement for four consecutive Sundays in the *San Francisco Examiner* (circulation 407,973); and (d) a one-eighth page advertisement for four consecutive Sundays in the *Los Angeles Times* (circulation 962,192). *See* Settlement Agreement § 4.3, Declaration of Patrick M. Passarella ("Passarella Decl.") ¶ 8. The Settlement Agreement provides for Internet based notice via: (1) publication of the notice on notices and recalls page of Acer's website; (2) $20,000 worth of internet banner advertisements disseminated through the 24/7 network of websites; and (3) $80,000 worth of advertising via search engine adwords for the phrases: "Acer Slow;" "Acer Freeze;" "Acer Lock up;" "Acer Crash;" "Acer Memory Settlement," and "Acer RAM Settlement."

This publication notice plan consisting of a combination of print and internet publication is substantially similar to notice plans approved in other similar cases including this Court's Notice Order.  *See* Notice Order (Dkt. 160);  *Norflet ex rel. Norflet v. John Hancock Life Ins. Co.*, 658 F.Supp.2d 350, 352 (D. Conn. 2009) (approving a notice program utilizing internet banner advertisements); *In re HP Laser Printer Litig.*, 2011 WL 3861703 * 3 (C.D. Cal. Aug. 31, 2011) (approving a notice plan consisting of: (1) direct email notice, "(2) publishing the 'summary notice' in USA Weekend, Parade, People, and CIO Magazine as well as placing banner advertisements on Yahoo.com and other websites; and (3) providing a link on both notice forms to a settlement website.").  Notably, this notice plan is much more comprehensive that the plan recently approved by Judge Ware in *Embry v. Acer America Corp.*, 09-cv-1808-JW ("*Embry*"), which only provided direct notice via e-mail, publication in *USA Today* for two consecutive weeks, and $20,000 worth of Google Adword advertising.  *See Embry*, Order Granting Preliminary Approval of Class Action Dkt. 195, Warshaw Decl. Exh. 2.

Finally, the Settlement Agreement comports with the Class Action Fairness Act by requiring Acer to provide notice of the Settlement Agreement within 10 days after the Settlement Agreement is filed with the Court.  *See* 28 U.S.C. 1715; Settlement Agreement § 4.8.  Therefore, the methods of providing notice in this case are adequate and should be approved by the Court.

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

13
NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**B.     The Form And Content Of The Notices Should Be Approved.**

Rule 23(c)(2)(B), which sets forth the requirements governing the form and content of class notice, provides in relevant part that:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the proposed postcard notice, print publication notice and email notice (collectively "Summary Notices"), drafted by Plaintiffs with the assistance of experienced notice administrators at KCC Class Action Services LLC ("KCC"), each independently satisfy the requirements of Rule 23(c)(6).  *See* Summary Notices; *see also* Passarella Decl., ¶¶ 1-7.  Each of the Summary Notices provides a clear and concise explanation of the case, the class definition, a summary of the lawsuit, the rights of Class Members to retain their own counsel, the rights and procedures for Class Members to exclude themselves, and the binding effect of any class settlement or judgment for Class Members who do not timely exclude themselves.  *See Browning v. Yahoo! Inc.*, 2006 WL 3826714 at * 8–9 (N.D. Cal. 2006) (approving a summary notice that sets forth the elements of Rule 23(c)(2)(B) "in a clear and concise form.").

The Summary Notices refer Class Members to a toll free number and the case website where Class Members can obtain a copy of the Long Form Notice, and more detailed information regarding the case.  *See* Settlement Agreement, Exh. C-E.  Similarly, the banner advertisements and search engine Adwords link to the Settlement Website, allowing Class Members to obtain detailed information regarding the case at the click of a button.  This type of notice program, where summary notices are utilized to direct Class Members to a case website containing detailed information, has been approved by courts in similar cases.  *See Browning*, 2006 WL 3826714 at *8–9 ("the Email Notice will direct each Class Member to the official Settlement Website, where they may access complete notice information, as well as other materials concerning this lawsuit.");  *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 57 (2008) (citing to Federal authority in holding that,

14                                          CV-09-01314 JSW

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  "[u]sing a summary notice that directed the Class Member wanting more information to a Web

2  site containing a more detailed notice, and provided hyperlinks to that Web site, was a perfectly

3  acceptable manner of giving notice in this case."); *In re HP Laser Printer Litig.*, 2011 WL

4  3861703 * 3 (C.D. Cal. Aug. 31, 2011) (approving a notice utilizing a combination of newspaper,

5  magazine and internet banner advertisement publications).

6  **VI.     ATTORNEYS' FEES AND COSTS**

7       The Settlement Agreement states that Class Counsel may apply to the Court for an award

8  of attorneys' fees, reimbursement of costs, and payment of incentive awards in an amount not to

9  exceed $2,715,000.  The proposed notice will explain the forthcoming motion for attorneys' fees

10 and reimbursement of costs so that class members will be aware of the proposed requests.  The

11 motion for attorneys' fees and reimbursement of costs will be filed a reasonable time before the

12 date for objections.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir.

13 2010) (holding that class members should have adequate time to review motion for attorneys' fees

14 before deadline for objections).

15 **VII.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE**

16      The last step in the class settlement approval process is the final approval hearing, at which

17 the Court may hear all evidence and argument necessary to evaluate the proposed settlements.  At

18 that hearing, proponents of the settlement may explain and describe their terms and conditions and

19 offer argument in support of settlement approval.  Members of the Class, or their counsel, may be

20 heard in support of or in opposition to the settlement.  Plaintiffs propose the following schedule

21 for final approval of the settlement as detailed in the accompanying proposed order:

22 | **Date** | **Action** |
|---|---|
23 | | |
| 1.  14 days after entry of the Order | Commencement of notice to the |
24 |      Granting Preliminary Approval. | Class Members ("Notice Date"). |
| 2.  75 days after the Notice Date. | Deadline to file Plaintiffs' motion |
25 | | for attorneys' fees, costs and |
| | incentive awards. |
26 | | |
| 3.  90 days after the Notice Date. | Deadline for class members to file to |
27 | | file a claim, opt-out or object or to |
| | the Settlement Agreement or |
28 | | Plaintiffs' motion for attorneys' |

| **Date** | **Action** |
| --- | --- |
| | fees, costs and incentive awards. |
| 4.   105 days after the Notice Date. | Deadline to file Plaintiffs' motion for final approval of the Settlement Agreement. |
| 5.   133 days after the Notice Date. | Hearing on Final Settlement Approval Hearing/Fairness Hearing |

## VIII.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant preliminary approval of the class settlement, and approve the notice program under the Settlement, establish a deadline for class members to submit any objections to the settlement; and set a final approval hearing date.

DATED: January 16, 2013

_____/s/ *Daniel L. Warshaw*_____

Daniel L. Warshaw (185365)
dwarshaw@pswplaw.com
Bobby Pouya (245527)
bpouya@pswplaw.com
**Pearson, Simon, Warshaw & Penny, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

James J. Pizzirusso (admitted pro hac vice)
jpizzirusso@hausfeldllp.com
Melinda Coolidge (admitted pro hac vice)
mcollidge@hausfeldllp.com
**Hausfeld, LLP**
1700 K Street NW
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

Michael P. Lehmann (77152)
mlehmann@hausfeldllp.com
**Hausfeld, LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile:  (415) 693-0770

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Jori Bloom Naegele (admitted pro hac vice)
jbnaegele@gmail.com
Robert D. Gary (admitted pro hac vice)
rdgary@gmail.com
**Gary, Naegele & Theado, LLC**
446 Broadway Avenue
Lorain, OH 44052
Telephone: (440) 244-4809
Facsimile:  (440) 244-3462

Attorneys for Plaintiffs and the Class

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403