IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORA and CLAY WOLPH, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ACER AMERICA CORPORATION,

Defendant.

No. C 09-01314 JSW

**ORDER REQUIRING FURTHER BRIEFING REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONTINUING HEARING**

Now before the Court is Plaintiffs' motion for preliminary approval of the class action settlement. Upon review of the papers submitted in support of this motion, the Court has the following concerns:

(1) The motion for preliminary approval states that the award to the class may amount to $20,000,000, but does not state what happens to the funds that are not claimed by class members. For those class members for whom Defendant has a physical address but who do not submit a claim or exclude themselves from the class, why is there no default option to send these members either the 16 GB USB flash drive with ReadyBoost technology or the check for $10.00? Plaintiffs are admonished that the Court will consider the actual funds or value of the relief actually paid out to class members when it determines whether the amount of attorneys' fees requested is reasonable. Plaintiffs shall provide a deadline by when they will inform the Court of the actual value of the claims made by Class Members.

(2) Why do the parties limit the reimbursement relief to those class members who paid a third party to repair their computers *before* June 1, 2012, as opposed to the Notice Date (*i.e.*, fourteen days after Preliminary Approval)?

(3) There is no deadline for the Claim Administrator to establish the Settlement Website. Is seven calendar days following Preliminary Approval by the Court a reasonable deadline?

(4) The Settlement Agreement provides a deadline of fourteen days after Preliminary Approval to email the notice, but does not provide a deadline for mailing the notice to the Class Members for whom Defendant does not have an email address but does have a physical address, or for those Class Members who have the email notice bounced back and for whom the Defendant has a physical address. What is a reasonable deadline to mail the notice to those Class Members for whom Defendant does not have an email address but does have a physical address? What is a reasonable deadline to mail the notice to those Class Members who have their email notice bounced back and for whom Defendant has a physical address?

(5) The Settlement Agreement requires any Class Member who wishes to object to the settlement and/or to be heard to file a written notice *and* to serve by mail the Claim Administrator, Defendant's Counsel, and Plaintiffs' Counsel. Why is the filing of the notice not sufficient?

After meeting and conferring with Defendant, Plaintiffs shall file a further briefing to address these concerns by no later than March 15, 2013. The Court HEREBY CONTINUES the hearing on Plaintiffs' motion for preliminary approval to April 12, 2013 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: February 26, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE